a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARCOS ALBERTO BAUTISTA-AVELINO #A098041425/208882335, Petitioner | CIVIL DOCKET NO. 1:23-CV-00180 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| SHAD RICE, *ET AL.*, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Marcos Alberto Bautista-Avelino ("Bautista-Avelino"). Bautista-Avelino is an immigration detainee at the Central Louisiana ICE Processing Center in Jena, Louisiana. He alleges that his continued detention is unlawful.

Because Bautista-Avelino fails to establish there is no significant likelihood of his removal in the reasonably foreseeable future, his Petition should be DISMISSED WITHOUT PREJUDICE.

I. **Background**

Bautista-Avelino is a native and citizen of Mexico. He was removed from the United States in 2005. *United States v. Bautista-Avelino,* 5:08-CR-358 (W.D. Tex.), ECF No. 1 at 1.

1

Bautista-Avelino illegally reentered the U.S. in 2008. He was charged, pleaded guilty, and was sentenced to time served plus a period of supervision. *Id.* at ECF No. 22. Bautista-Avelino was removed again. *Id.*

In December 2008, Bautista-Avelino reentered the U.S., violating the terms of his supervised release. *Id.* at 24, 38. He was charged again with illegal reentry. *United States v. Bautista-Avelino*, 5:09-CR-0015 (W.D. Tex.), ECF No. 1. He pleaded guilty and was sentenced to time served plus one year of supervised release. *Id.* at 23, 33. On August 10, 2009, Bautista-Aveline was removed to Mexico a third time. *Id.* at 47.

Shortly thereafter, Bautista-Avelino re-entered the U.S. illegally again and was convicted of taking a weapon from a San Antonio law enforcement officer on December 9, 2009. He was sentenced to state confinement for six months and seven days. *Id.* Bautista-Avelino's federal supervision was revoked, and he was sentenced to 11 months of imprisonment. *Id.* He was subsequently removed a fourth time.

Once again, Bautista-Avelino returned illegally to the U.S. He was arrested for drug possession in San Antonio and then charged with illegal reentry. *United States v. Bautista-Avelino*, 5:12-CR-480 (W.D. Tex), ECF No. 1. Bautista-Avelino pleaded guilty and was sentenced to 21 months of imprisonment with three years supervised release. *Id.* at 29. On November 12, 2013, he was again removed from the United States. *Id.*, ECF No. 31.

Bautista-Avelino soon returned to the U.S. and was arrested in San Antonio, Texas for driving while intoxicated on January 24, 2014. *Id.* His term of supervision

2

was revoked, and he was ordered to serve 24 months of imprisonment in 5:12-CR-480. He also received a new illegal reentry charge. *United States v. Bautista-Avelino*, 5:14-CR-410 (W.D. Tex.). He was sentenced to 30 months of imprisonment, to run consecutive to the sentence in 5:12-CR-480, followed by a three-year term of supervision. *Id.*, ECF No. 47. After serving his sentence, Bautista-Avelino was removed on October 6, 2018. *See* 2:19-MJ-02028, ECF No. 1.

The following month, Bautista-Avelino reentered the U.S. and was arrested. *Id.* He pleaded guilty to illegal reentry and his supervised release was revoked. He received a three-month sentence for the violation of supervision. *Id.* Additionally, Bautista-Avelino was sentenced to 41 months of imprisonment on the new charge. *United States v. Bautista-Avelino*, 2:19-CR-7 (S.D. Tex.), ECF No. 24.

Bautista-Avelino completed his most recent term of imprisonment on April 29, 2022, and was taken into ICE custody upon his release. ECF No. 7 at 2. He received a 90-day custody review on November 10, 2022, and was ordered to remain detained. Another custody review was conducted in December 2022. *Id.* Bautista-Avelino asserts that he has fully complied with efforts to remove him. However, he indicates that he applied for withholding of removal. *Id.*

Bautista-Avelino confirms that that he is subject to a final order of removal. But he alleges that his detention is unconstitutional and violates *Zadvydas v. Davis*, 533 U.S. 678 (2001).

II.  Law and Analysis

The Government can detain aliens ordered removed during a 90-day removal period. And it is presumptively constitutional for an immigration detainee to be detained up to six months past the 90-day removal period. *See Zadvydas*, 533 U.S. at 701. After the expiration of the six-month period, a detainee may seek his release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Agyei–Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011). A detainee bears the initial burden of proof to show that no likelihood of removal exists. *See Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006). The detainee must offer more than conclusory statements to support his claim. *Id.*

For the detention to remain reasonable, "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Zadvydas,* 533 U.S. at 689. However, the Supreme Court noted that this presumption does not mean that every alien must be released after six months. *Id.* Once an alien makes a showing that there is no significant likelihood of his removal in the reasonably foreseeable future, "the Government must respond with evidence sufficient to rebut [it]." *Zadvydas*, 553 U.S. at 701.

Bautista-Avelino has been in post-removal order custody beyond the presumptively reasonable six-month period of detention. He asserts that his removal is not reasonably foreseeable because his application for withholding is pending.

Detention can be prolonged beyond the removal period when an alien cannot be removed to a country where "the alien's life or freedom would be threatened." *See Ponce-Osorio v. Johnson*, 824 F.3d 502, 505 (5th Cir. 2016) (citing 8 U.S.C. § 1231(b)(3)). In withholding-only proceedings, an immigration judge determines "whether the alien is eligible for withholding or deferral of removal" to the country designated in the removal order." 29 8 C.F.R. § 1208.2(c)(3)(i). The judge must withhold deportation only if the alien shows that it is more likely than not that the alien will suffer persecution or torture in the country of removal. 8 C.F.R. § 208.16(d)(1)).

If aliens seek to exercise their legal right to seek relief regarding removal through the procedures above, this continuing litigation necessarily prolongs their detention. *See Okechukwu Mummee Amadi v. Young*, 06-CV-1138, 2007 WL 855358, at *4 (W.D. La. 2007). But aliens cannot assert a viable constitutional claim when their allegedly unreasonable prolonged detention is caused by their own plight. *See Pelich v. Immigration and Naturalization Service*, 329 F.3d 1057, 1060 (9th Cir. 2003) (collecting cases denying habeas relief to aliens challenging their alleged indefinite detentions that were caused by their own actions); *see also Fuentes-De Canjura v. McAleenan*, 19-CV-00149, 2019 WL 4739411, at *7 (W.D. Tex. 2019).

Bautista-Avelino provides no reason why his removal is unlikely to occur but for his claim of persecution and his application for withholding. The delay in Bautista-Avelino's removal has been caused by ongoing withholding-only proceedings. He has a legal right to seek relief regarding his removal, but Bautista-

5

Avelino's allegations show that he is the sole cause prolonging his detention. *See Fuentes-De Canjura*, 2019 WL at *7; *Amadi*, 2007 WL 855358, at *4. Bautista-Avelino has been removed to Mexico at least six times. Once his legal proceedings are concluded, it is likely that he will be removed to Mexico again.

Finally, Bautista-Avelino has identified no current or potential diplomatic barriers that could produce delays in processing his claim for withholding that would otherwise trigger the concerns raised in *Zadvydas*. In *Zadvydas*, the aliens detained were in limbo because one was not a recognized citizen of any country and the other could not be removed to the proposed country of removal due to the lack of a repatriation treaty with that country. *See Zadvydas*, 553 U.S. at 684–86. Those aliens would have been detained indefinitely because the Government would have been unable to successfully remove them from the United States even when all the legal issues surrounding their eligibility for removal had been resolved. "In other words, the likelihood of an alien's removal in the reasonably foreseeable future increases when no diplomatic barriers exist that would prevent the alien's removal from the United States to any third country, even to the country designated in the removal order to which the alien expressed a fear of returning." *Fuentes-De Canjura* 2019 WL at *7 (citations omitted).

Finally, although Bautista-Avelino's detention has extended beyond the presumptively reasonable six-month period, this Court and others have found longer periods were not unreasonable for detention. *See Barrera Romero v. Cole*, 16-CV-00148, 2016 WL 7041710, at *2 (W.D. La. 2016), *report and recommendation adopted*

*sub nom. Barrera Romero v. Warden, Lasalle Det. Facility*, 2016 WL 7041614, at *2 (W.D. La. 2016) (20 months); *Mancera v. Kreitzman*, 16-CV-89, 2016 WL 1249600, at *4 (E.D. Wis. 2016) (23 months); *Garcia v. Lacy*, 12-CV-3333, 2013 WL 3805730, at *5 (S.D. Tex. 2013) (27 months); *Kim v. Obama*, 12-CV-173, 2010 WL 10862140, at *3 (W.D. Tex. 2012) (18 months).

Bautista-Avelino's detention is not unreasonable under *Zadvydas* as a matter of law because there is a significant likelihood that his removal is reasonably foreseeable once withholding-only proceedings end. However, the Court recognizes that his continued detention may present a future due process problem if the withholding-only proceedings take an unusually long period of time that would be inconsistent with due process. *See Crespin v. Evans*, 256 F. Supp. 3d 641, 652 (E.D. Va. 2017); *Tijani v. Willis*, 430 F.3d 1241, 1242–43 (9th Cir. 2005). If so, Bautista-Avelino may file another petition for writ of habeas corpus.

III. <u>Conclusion</u>

Because Bautista-Avelino fails to establish that there is no significant likelihood of his removal in the reasonably foreseeable future, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on April 19, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE